# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIAM B. BOWERS,**
    **Petitioner,**

  **v.**                  Case No. 02-CV-01034

**JUDY P. SMITH,**
    **Respondent.**

## DECISION AND ORDER

On December 31, 2003, I granted pro se petitioner William Bowers's motion to stay the proceedings on his petition for a writ of habeas corpus under 28 U.S.C. § 2254 in order to allow him to exhaust his remedies in state court. Over eight years later, on April 6, 2012, petitioner moved to lift the stay and reopen the case. I granted his motion and ordered respondent to file an amended answer to the petition. I also gave petitioner the opportunity to respond to the answer by filing a brief in support of his petition.

Petitioner's brief in support of the petition was originally due on August 31, 2013, but he asked for several extensions. These extensions delayed the case by more than a year. On July 26, 2013, I ordered petitioner to file his brief by September 30, 2013 and warned him that, if he failed to file his brief by this deadline, I would dismiss the petition for failure to prosecute. In response, petitioner filed yet another motion for an extension of time, which I denied. Petitioner then filed a timely brief in support of his petition, but he noted that it was incomplete and informed the court that he intended to file an amended/supplemental brief within 60 days. He filed that amended/supplemental brief on

December 3, 2013. Because petitioner failed to comply with my order and file his complete brief on time, respondent moves to dismiss the petition for failure to prosecute.

I agree with respondent that the record in this case shows a pattern of delay by petitioner. However, "[d]ismissal for want of prosecution 'is an extraordinarily harsh sanction that should be used only in extreme situations.'" *Kasalo v. Harris & Harris, Inc.*, 656 F.3d 557, 561 (7th Cir. 2011) (quoting *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008)). And petitioner made a good faith effort to comply with the court's July 26, 2013 order once he was warned that his petition would be dismissed. He did not file his complete brief on time, but he did make an effort to file something. Therefore, I conclude that it is appropriate to reach the merits of this case. I will give respondent the opportunity to file a brief in response to petitioner's briefs and then resolve the case on the merits.

**THEREFORE, IT IS ORDERED** that petitioner's motion for an extension of time (Docket #50) is **GRANTED**.

**IT IS FURTHER ORDERED** that respondent's motion to dismiss the petition for failure to prosecute (Docket #51) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for an order requiring respondent to file a brief in response to petitioner's amended/supplemental brief (Docket #54) is **GRANTED**.

**IT IS FURTHER ORDERED** that within **thirty (30) days** of the date of this order respondent shall file a brief in response to petitioner's briefs in support of the petition. Once the court receives respondent's brief, the court will review the merits of the petition.

Dated at Milwaukee, Wisconsin, this 13th day of June, 2014.

                                              s/ Lynn Adelman
                                              _____
                                              LYNN ADELMAN
                                              District Judge