**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

_____

**WILLIAM B. BOWERS,**
              **Petitioner,**

v.                                                                                 Case No. 02-CV-1034

**JUDY P. SMITH, Warden,**
**Oshkosh Correctional Institution,**
              **Respondent.**

_____

## DECISION AND ORDER

In this decision and order, I address William Bowers' pro se petition for a writ of habeas corpus under 20 U.S.C. § 2254.

## I. Background

In 2000, petitioner entered *Alford*[1] pleas in Waukesha County Circuit Court to two counts of 2nd degree sexual assault of a child under the age of sixteen, under Wis. Stat. § 948.02(2). The charges arose from statements he made to his therapist at the Ethan Allen School, a juvenile corrections facility, that he had performed oral sex on two other residents at their request. The other residents later confirmed this. Petitioner was sentenced to twenty years in prison on the first count. On the second count he was sentenced to a consecutive term of 15 years in prison, which was stayed in favor of a twenty-year term of probation to run consecutive to the twenty-year prison term imposed in the first count. Petitioner filed this petition for federal habeas relief in 2002, seeking relief on several grounds. I found that petitioner had procedurally defaulted on all but one of his grounds for relief, and I stayed the case in order to give petitioner an opportunity to present

_____

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

his ineffective assistance of post-conviction counsel claim to the state courts in an attempt to establish cause for his procedural default. Petitioner moved to lift the stay in April 2012.

## II. Discussion

Petitioner sets forth several grounds for federal habeas relief, including: (1) that he was deprived of his Fifth Amendment right against self-incrimination by the state court's refusal to suppress evidence derived from statements he made to a therapist; (2) that his pleas were not entered knowingly, voluntarily, and intelligently; and (3) that his trial counsel was ineffective because he pressured petitioner into pleading, failed to raise a *Miranda* issue, failed to challenge the prosecutor's alleged breach of the plea agreement, and failed to challenge a competency evaluation. Before a trial court may consider the merits of a habeas petition, a petitioner must satisfy certain procedural requirements. *Mahaffey v. Schomig*, 294 F.3d 907, 914 (7th Cir. 2002), *cert. denied*, 537 U.S. 1120 (2003). "First, a petitioner must exhaust state remedies—that is, give the state's highest court an opportunity to address each claim." *Id.* "Second, the petitioner must comply with state rules to avoid procedurally defaulting his claims." *Id.* at 915. Petitioner pursued direct appeal of his conviction; the Wisconsin Court of Appeals affirmed his conviction and the Wisconsin Supreme Court denied review. However, the only ground for relief petitioner sought review of in that appeal was whether he was deprived of his Fifth Amendment right against self-incrimination by the state court's failure to suppress evidence derived from statements he made to a therapist. Thus, petitioner exhausted his state court remedies on his Fifth Amendment self-incrimination claim, and I will review it on the merits.

Petitioner's remaining ineffective assistance of trial counsel and voluntariness claims

were not raised in petitioner's direct appeal. When petitioner originally filed his § 2254 petition, I found that petitioner was procedurally barred from pursuing these claims because he had failed to exhaust state remedies and the time for doing so had expired. I could only proceed on the merits of these claims if petitioner could show cause for his procedural default and prejudice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Petitioner argued that his cause for procedurally defaulting on these claims was that his post-conviction counsel was ineffective for failing to raise them. *See Murray v. Carrier*, 477 U.S. 478, 488–89 (1986) ("Ineffective assistance of counsel . . . is cause for a procedural default."). However, I could not decide whether petitioner's post-conviction counsel was ineffective for failing to raise these issues because petitioner had not yet exhausted his ineffective assistance of post-conviction counsel claim in state court. *Edwards*, 529 U.S. at 453. I stayed the case and gave petitioner an opportunity to do this.

In 2004, petitioner filed a post-conviction motion under Wis. Stat. § 974.06, arguing that his post-conviction counsel was ineffective for failing to raise ineffective assistance of trial counsel claims in petitioner's direct appeal. The trial court held a *Machner* hearing and denied petitioner's motion. The Wisconsin Court of Appeals affirmed, finding that petitioner's trial counsel was not ineffective and therefore his post-conviction counsel was not ineffective for failing to raise the issue. Petitioner did not petition the Wisconsin Supreme Court for review.

In 2009, petitioner brought a second post-conviction motion under Wis. Stat. § 974.06, arguing that his trial counsel was ineffective because he failed to challenge the prosecutor's alleged breach of the plea agreement. The trial court held a *Machner* hearing

3

and denied petitioner's second motion. The Wisconsin Court of Appeals affirmed. Petitioner sought review from the Wisconsin Supreme Court, which denied review. Petitioner now claims to have exhausted state remedies and asks me to rule on the merits of his claims. Respondent still contends that all but petitioner's Fifth Amendment self-incrimination claim are procedurally barred.

In order to decide whether petitioner's ineffective assistance of post-conviction counsel claim shows sufficient cause for his procedural default, petitioner was required to exhaust his state court remedies on that claim. Decision & Order at 5, ECF No. 12. He has not done so. Although petitioner raised the issue in his 2004 post-conviction motion, he did not petition the Wisconsin Supreme Court for review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 847–48 (1999) (holding that state prisoners must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State" in order to exhaust state remedies"). His time for doing so expired 30 days after the Wisconsin Court of Appeals issued its decision, Wis. Stat. § 808.10(1); therefore petitioner has procedurally default on his ineffective assistance of post-conviction counsel claim, and I cannot consider it. Thus, I conclude that petitioner cannot show cause for procedurally defaulting on his ineffective assistance of trial counsel and voluntariness claims, and I will not consider them on the merits. *See Edwards*, 529 U.S. at 453 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.").

Although I concluded—and the parties conceded—that petitioner had procedurally defaulted on all but his Fifth Amendment self-incrimination claim, petitioner raised an ineffective assistance of counsel claim in his 2009 post-conviction motion, arguing that his

4

trial counsel failed to challenge the prosecutor's alleged breach of the plea agreement. The Wisconsin courts considered the issue on the merits, and petitioner completed "one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Therefore, I will consider this claim on the merits in addition to petitioner's Fifth Amendment self-incrimination claim.

**A. Fifth Amendment Self-Incrimination Claim**

First, I address petitioner's claim that the state court violated his Fifth Amendment right against self-incrimination by not suppressing evidence derived from his statement to a therapist. The Wisconsin Court of Appeals adjudicated petitioner's Fifth Amendment self-incrimination claim on the merits; therefore I may grant relief only if the adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d). The Fifth Amendment protects against coercion by federal and state actors. *See Malloy v. Hogan*, 378 U.S. 1, 6 (1964) (holding "that the Fifth Amendment's exception from compulsory self-incrimination is also protected by the Fourteenth Amendment against abridgement by the States"). In order for a statement elicited by a federal or state actor to comply with the Fifth Amendment, it must be "voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." *Moran v. Burbine*, 475 U.S. 412, 421 (1986). The Fifth Amendment right against self-incrimination "is not concerned with moral or psychological pressures to confess emanating from sources other than official coercion," rather it is concerned with police overreaching through the use of physical or psychological pressure to elicit

5

statements. *Colorado v. Connelly*, 479 U.S. 157, 170 (1986) (internal quotations and citation omitted).

The Wisconsin Court of Appeals described the background of petitioner's Fifth Amendment claim as follows:

> The sole issue on appeal is whether the trial court erred in denying Bowers' motion to suppress evidence derived from a statement made by Bowers to Dr. Earl Bracy, a psychologist, during a therapy session at the Ethan Allen School. Bowers told Bracy that he had sexual contact with two other individuals at the Ethan Allen School. Bracy relayed this information to Glen Link, the security chief at Ethan Allen. In response to questioning by Link, Bowers told Link the names of the individuals with whom he had sexual contact. Link then referred the matter to the Waukesha County Sheriff's Department.
>
> The trial court suppressed the statement made by Bowers to Bracy, determining that it was privileged under Wis. Stat. § 905.04(2). However, the trial court denied Bowers' request to suppress statements made by him in response to questioning by Link and a Waukesha county deputy sheriff. The trial court also refused to suppress statements by the victims, who confirmed that the sexual contact admitted by Bowers had occurred.

Answer Ex. 5 at 2, ECF No. 7-5.

I am only concerned with the court's Fifth Amendment analysis, not whether petitioner's statement was privileged under state law, because only federal constitutional claims provide a basis for federal habeas relief. 28 U.S.C. § 2254(a). The court rejected petitioner's claim that his statements to Bracy and Link violated

6

the Fifth Amendment. It reasoned:

> Bowers also contends that his statements to Bracy and Link should have been suppressed because they were "state actors" for Fifth Amendment purposes and, under the totality of the circumstances, his statements to them were involuntary. He relies upon *United States v. D.F.*, 115 F.3d 413 (7th Cir. 1997). In that case, the court held that any interrogation subject to the strictures of the Fifth Amendment must be at the hands of a governmental actor whose questioning is of a nature that reasonably contemplates criminal prosecution. *Id.* at 420.
>
> Bowers' reliance of *D.F.* is misplaced. D.F. was a juvenile who was admitted to a government mental health care center for treatment. *Id.* at 419. Staff members at the center were aware that she was a suspect in the deaths of her two cousins. *Id.* at 420 n.10. D.F. was questioned directly by center staff about the crimes, and center personnel provided incentives to her to talk about the crimes. *Id.* at 421. This included conveying assurances from law enforcement authorities that they would "shelve" charges based on certain admissions that she made if she continued to make progress at the center. *Id.* at 420 n.10. Center staff had a close relationship with investigating authorities, working with them in cooperative effort to obtain information from D.F. *Id.* at 420. The appellate court upheld a determination by the district court that the center staff were either enlisted or volunteered to act as law enforcement surrogates in eliciting confessions. *Id.*
>
> The record presented here does not support a determination that Bracy was a state actor for Fifth Amendment purposes when Bowers made his admissions of

7

sexual contact. The statement was made during a regularly scheduled treatment session. Bracy did not ask Bowers to disclose any past criminal activity, nor did he offer him any privileges or incentives for disclosing criminal conduct. Bowers disclosed his prior sexual contacts without being requested to do so by Bracy, and despite being warned that Bracy would pass the information along to Link. Bracy did not become a state actor merely because he believed he was required to relay the information provided to Bowers under mandatory reporting requirements. Similarly, the fact that Bowers was in secure detention and may have been interested in returning to the general population or to his sex offender treatment group did not, standing alone, provide a basis to conclude that his statement to Bracy was coerced and involuntary.

Bowers volunteered the information regarding his sexual contacts to Bracy despite being warned of the consequences of doing so. He also repeated his statement to Link. Although it is true that Link's role was an investigative one, it is undisputed that Link informed Bowers that he did not have to answer questions, and that any information Bowers provided might be referred to the sheriff's department for investigation. It is undisputed that Bowers responded by saying that Link could ask him questions and if he wanted to answer he could. Under these circumstances, no basis exists to conclude that Bowers' statement to Link was coerced or otherwise in violation of the Fifth Amendment.

Answer Ex. 5 at 4–6, ECF No. 7-5.

Nothing in this passage could be said to be contrary to, or an unreasonable application of, clearly established federal law as determined by the United States

8

Supreme Court. Despite petitioner's argument that his situation was analogous to D.F.'s because he was not a voluntary patient; the immediate goal of therapy was for him to progress out of disciplinary segregation; and Bracy encouraged him to be open, honest, and candid in his therapy sessions, the appeals court's decision was reasonable in finding that Bracy was not a state actor and that petitioner's situation did not rise to a level of coercion. The mere fact that Bracy was a government employee does not render him a state actor, and there is nothing to indicate that Bracy acted as a law enforcement surrogate or that the therapy session "contemplate[d] the possibility of criminal prosecution." *United States v. D.F.*, 115 F.3d 413, 420 n.9 (7th Cir. 1997). Further, petitioner's therapy session was not set up for the purpose of eliciting a confession of past crimes, he was not asked to disclose past crimes, and he was warned before disclosure of the consequences of disclosing past crimes.

For the above reasons, petitioner is not entitled to habeas relief on his claim that the state court's failure to suppress evidence derived from his statement to his therapist violated his Fifth Amendment right against self-incrimination.

**B. Ineffective Assistance Claim**

Next, I address petitioner's claim that his trial counsel was ineffective in violation of the Sixth Amendment because he failed to challenge the prosecutor's alleged breach of the plea agreement. The Wisconsin Court of Appeals adjudicated petitioner's ineffective assistance claim on the merits, and therefore I may grant relief only if the adjudication resulted in a decision that was contrary to, or involved

an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d). To establish a claim for ineffective assistance of trial counsel, a petitioner must show that his lawyer performed deficiently and that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687–94 (1984). To establish deficient performance, a petitioner must demonstrate that his lawyer's representation fell below an object standard of reasonableness as measured by prevailing professional norms. *Id.* at 687–88. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* To establish prejudice in the plea context, a petitioner must show that there is a reasonable probability that but for his counsel's ineffective performance, he would not have entered a plea. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The Wisconsin Court of Appeals described the background of petitioner's ineffective assistance of counsel claim as follows:

This case has a long history. In 1999, Bowers entered *Alford* pleas to two counts of second-degree sexual assault of a child. In 2000, he was sentenced to twenty years in prison on one count and twenty years' consecutive probation on the other, with a fifteen-year imposed-and-stayed prison sentence. Bowers appealed, challenging only the denial of his motion to suppress certain evidence. This court summarily affirmed the judgments of conviction. In February 2004, Bowers filed a Wis. Stat. § 974.06 motion on grounds of ineffective assistance of both his trial and appellate counsel. After a *Machner* hearing, the trial court denied the motion and

this court affirmed.

Nine years later, Bowers filed this Wis. Stat. § 974.06 motion. While the underlying premise was a breach of the plea agreement at sentencing, it was couched in terms of ineffective assistance of counsel, apparently to skirt the procedural bar against raising claims, absent sufficient reason, that were or could have been raised in a direct appeal or prior postconviction motion. The ineffective-assistance-of-counsel claim differed, however, from those raised in his 2004 postconviction motion. Despite the procedural bar, the trial court addressed the motion on the merits. Two hearings and half a dozen witnesses later, the court denied the motion. Bowers appeals.

Bowers contends that the prosecutor agreed to make no sentencing recommendation but at sentencing breached the agreement by asking for a ten-year prison sentence and ten-years' consecutive probation and, further, that trial counsel was ineffective for failing to object. Like the trial court, we also address the merits despite the procedural bar. Bowers thus must establish that any breach was material and substantial, and that trial counsel's failure to object was both deficient and prejudicial.

The parties initially agreed that in exchange for Bowers' *Alford* pleas, the State would recommend prison with consecutive probation but would not advocate a specific sentence length. At sentencing, the prosecutor recommended ten years' prison with ten years' consecutive probation. He testified at the *Machner* hearing that defense counsel asked him to modify the agreement so as to accelerate Bowers' participation in a sex-offender treatment program (SOTP). Defense counsel

likewise testified that, for the same reason, she and Bowers asked the prosecutor before sentencing if he would consider changing the agreed-upon "no recommendation" to the specific recommendation, and that Bowers agreed to the modification. The trial court found the prosecutor and defense counsel to be credible, that Bowers understood and agreed to the recommendations, and that the prosecutor did not breach the plea agreement. The trial court's unique vantage point makes its credibility determinations virtually unassailable.

Am. Answer Ex. N at 2–3, ECF No. 28-8 (internal citations omitted).

The court of appeals affirmed the trial court, finding that petitioner's trial counsel was not deficient. It reasoned:

The transcript establishes that Bowers consented to modifying the plea agreement. We therefore conclude that his counsel had sufficient strategic reason for not objecting to it. Since counsel consulted with Bowers and secured his consent to proceed, counsel's performance relative to modifying the plea agreement was not deficient.

Am. Answer Ex. N at 3–4, ECF No. 28-8 (internal citations omitted).

Nothing in the passage above could be said to be contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. Although petitioner's trial counsel had a duty to consult with him and obtain his consent before entering or modifying the plea agreement, *see Florida v. Nixon*, 543 U.S. 175, 187 (2004), petitioner's ineffective assistance of counsel claim falls apart if he did in fact consent to the plea modification. *Hartjes v. Endicott*, 456 F.3d 786, 790 (7th Cir. 2006) ("[Petitioner's]

12

Sixth Amendment argument is premised on the assumption that there was a breach or an unconsented modification of his plea agreement. If there was not, his ineffectiveness claim collapses."). Despite petitioner's argument that his non-consent is evidenced by his trial attorney's testimony that they spoke about the modification for less than six minutes and during that conversation petitioner stated that he didn't want to go to prison for ten years, the appeals court's finding that petitioner consented is not unreasonable. Petitioner's trial counsel testified at the *Machner* hearing that he informed petitioner of the modification and that petitioner agreed to the modification. Further, trial counsel gave a tactical reason for not bringing the modification to the court's attention, stating "I believe the State's offer to recommend 10 years prison followed by 10 years probation on each case was, frankly, a very reasonable offer and an improvement over the unspecified amount of prison time. I didn't particularly want to call the court's attention to the change in the State's sentencing recommendation." Am./Supplemented App. at 22–23, ECF No. 55. Further, even if the appeals court's finding that petitioner consented to the modification was unreasonable, petitioner has failed to show that there is a reasonable probability that, but for trial counsel's failure to object to the breach of plea agreement, he would not have pled and would have insisted on going to trial.

For the above reasons, petitioner is not entitled to habeas relief on his claim that his trial counsel was ineffective for failing to challenge the prosecutor's breach of the plea agreement.

Petitioner also filed a motion for an emergency injunction, asking me to stop his transfer to a different institution which this case is pending. I will deny that

13

motion as moot.

### III. Conclusion

**THEREFORE, IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that petitioner's motion for emergency injunction (ECF No. 58) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of October, 2014

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge